UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

WOLFGANG VIERICH,

    Plaintiff,

v.

MGM GRAND HOTEL, LLC, *et al.*,

    Defendants.

Case No. 2:11-CV-01623-KJD-CWH

**ORDER**

    Before the Court are Defendants MGM Grand Hotel, LLC and Mandalay Corp.'s Demands for Security of Costs Against Plaintiffs Wolfgang Vierich (#12), The Vitala Group (#13), Vitala Group Investments Limited (#14), Vitala Management Services Limited (#15), Vitala Limited (#16), Vitala & Keller Associates Limited (#17), and Vitala International Consultants Limited (#18).  None of the Plaintiffs has filed an opposition to the Demand for Security of Costs.

    Under Nevada law, "[w]hen a plaintiff in an action resides out of the State, or is a foreign corporation, security for the costs and charges which may be awarded against such plaintiff may be required by the defendant." NRS 18.130(1). "[W]hen so required, all proceedings in the action shall be stayed until such an undertaking ... be filed with the clerk...." Id. "After the lapse of 30 days from the service of notice that security is required ... upon proof thereof, and that no undertaking as required has been filed, the court or judge may order the action to be dismissed." NRS 18.130(4).

    It is the policy of the United States District Court for the District of Nevada to enforce the requirements of NRS 18.130 in diversity actions.  Hamar v. Hyatt Corp., 98 F.R.D. 305, 305–306 (D.Nev.1983); Arrambide v. St. Mary's Hosp., Inc., 647 F.Supp. 1148, 1149 (D.Nev.1986).  Under

the statute, each plaintiff is required to provide security in the amount of $500 per defendant, pursuant to NRS 18.130. Truck Ins. Exchange v. Tetzlaff, 683 F.Supp. 223, 227 (D.Nev.1988). However, an indigent plaintiff need not provide security under NRS 18.130. Id. (citing Arrambide, 647 F.Supp. 1148 (D.Nev.1986)). If a plaintiff "is in fact indigent, he must demonstrate this in detail by affidavit." Arrambide, 647 F.Supp. at 1149.

Each of the Plaintiffs resides outside of the State of Nevada. Defendants have requested a $1,000 deposit ($500 per Defendant) from each Plaintiff in this action as security for costs and charges which may be awarded. None of the Plaintiffs have filed a motion in opposition. Failure to oppose a motion constitutes consent to the granting of the motion. See Local Rule 7-2.

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Demands for Security of Costs Against Wolfgang Vierich (#12), The Vitala Group (#13), Vitala Group Investments Limited (#14), Vitala Management Services Limited (#15), Vitala Limited (#16), Vitala & Keller Associates Limited (#17), and Vitala International Consultants Limited (#18) are **GRANTED**

**IT IS FURTHER ORDERED** that each Plaintiff deposit $1,000 with the Clerk of Court as security of costs.

**IT IS FURTHER ORDERED** that this action be **STAYED** until each Plaintiff makes the required deposit with the Clerk of Court.

DATED this 4th day of April 2012.

_____
Kent J. Dawson
United States District Judge