UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

WOLFGANG VIERICH, *et al.*,

    Plaintiffs,

v.

MGM GRAND HOTEL, LLC, *et al.*,

    Defendants.

Case No. 2:11-CV-01623-KJD-CWH

**ORDER**

    Before the Court is the Motion to Dismiss (#33) filed by Defendants MGM Grand Hotel, LLC and Mandalay Corp.  Plaintiffs Vitala & Keller Associates Limited, Vitala Group, Vitala Group Investments Limited, Vitala International Consultants Limited, Vitala Limited, and Vitala Management Services Limited have filed a response (#34) and Defendants have filed a reply (#35).

I.  Background

    In March of 2008, Wolfgang Vierich negotiated and executed several Negotiable Instruments in favor of Defendants in Las Vegas, Nevada.  The total amount of the Negotiable Instruments was $245,000.  Defendants did not receive payments on the Instruments from Vierich and sued him in Nevada state court ("Vierich I")  for non-payment, plus interests, costs, and fees.  Vierich did not assert any counterclaims in Vierich I.

Defendants moved for summary judgment in Vierich I. Vierich did not dispute his liability on the Instruments. Instead, Vierich asserted that he had directed his brokerage banks to issue payment, but provided no evidence to support this contention. The state court gave Vierich additional time to present evidence, but Vierich failed to provide any documentation or testimony regarding payment. Based on Vierich's failure to present any evidence of payment, the state court entered summary judgment in Defendants' favor.

Vierich appealed the state court's judgment in Vierich I to the Nevada Supreme Court which denied the appeal without argument. Vierich then filed a Petition for Writ of Certiorari to the United States Supreme Court which was denied.

On April 15, 2009, the State of Nevada initiated a criminal proceeding against Vierich, charging him with fraud in violation of N.R.S. § 205.130 and § 205.132, based on bad check/marker complaints filed by Defendants. Vierich failed to appear and a warrant has been issued for his arrest.

Vierich and Plaintiff Vitala, a corporate entity controlled by Vierich, jointly filed a separate state court suit ("Vierich II") alleging causes of action related to the issuance and nonpayment of the Instruments, including malicious prosecution, fraud, tortious interference with business relations, intentional infliction of emotional distress, slander, defamation, and libel. Vierich II was dismissed, without prejudice, on February 17, 2011.

On October 6, 2011, Vierich and Plaintiff Vitala filed this action in federal court. They later amended the Complaint to include the other Plaintiffs, which are also sub-entities of Vitala aslo controlled by Vierich. According to the Complaint, the criminal proceedings initiated by the Clark County District Attorney were a result of the misrepresentations and omissions by Defendants regarding checks written by Vierich. The Complaint alleges causes of action for fraud, tortious interference with business relations, intentional infliction of emotional distress, breach of contract, and negligent hiring, training, and supervision.

Because Defendants obtained a judgment in Vierich I against Plaintiff, they caused an writ of execution to be served on Vierich's personal property described as "choses in action, causes in

action, things in action, claims and interest" in the instant federal case. Defendants purchased this property at a sheriff's sale and subsequently stipulated to dismissal of Vierich's personal causes of action against Defendants (#32). Accordingly, the only remaining Plaintiffs are the corporate entities of which Vierich is principal.

I. Motion to Dismiss

    A. Legal Standard for Motion to Dismiss

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). "Factual allegations must be enough to rise above the speculative level." Twombly, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (citation omitted).

In Iqbal, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. Id. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. Id. at 1949. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. Id. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." Id. (internal quotation marks

omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. Twombly, 550 U.S. at 570.

### B. Causes of Action Personal to Vierich

#### 1. Fraud

The Amended Complaint's allegations of fraud are that Defendants "falsely informed the District Attorney that Vierich intended to defraud Defendants by issuing checks to Defendants without sufficient funds available in the accounts, for which Defendants attempted to withdraw the money to be paid by Vierich, in violation of NRS 205.130 and 205.132." As stated earlier, Vierich is no longer a party to this action. The remaining Plaintiffs have not set forth any facts showing how they, as corporations, are entitled to relief for fraud based on statements allegedly made about Vierich.

#### 2. Intentional Infliction of Emotional Distress

The only remaining Plaintiffs are corporate entities. It is beyond obvious that a corporate entity cannot suffer emotional distress. Accordingly, this claim is dismissed.

#### 3. Breach of Contract

The allegations for breach of contract all relate to interactions between Defendants and Vierich. The complaint does not allege any conduct that could give rise to a contract between Plaintiffs and Defendants and fails to show how any of the remaining Plaintiffs could be entitled to relief for breach of contract. Accordingly, this claim is dismissed.

#### 4. Negligent Hiring, Training, and Supervision

The remaining Plaintiffs have failed to set forth specific facts showing that any of Defendants' agents interacted with, owed duties to, or were involved in any way with Plaintiffs. The allegations of this claim are conclusory and do not state a cause of action. Accordingly, this claim is dismissed.

### C. Tortious Interference with Business Relations

In order to recover for tortious interference with business relations, a plaintiff must show: 1) a prospective contractual relationship between the plaintiff and a third party; 2) the defendant's knowledge of this prospective relationship; 3) the intent to harm the plaintiff by preventing the relationship; 4) the absence of privilege or justification by the defendant; and, 5) actual harm to the plaintiff as a result of the defendant's conduct. Leavitt v. Leisure Sports Incorporation, 103 Nev. 81, 88, 734 P.2d 1221, 1225 (Nev. 1987).

Plaintiffs claim to have lost $279,869,522.00 in revenue as a result of the warrant Defendants allegedly caused to be issued against Vierich. Plaintiffs have not alleged anything other than conclusory and implausible facts showing that Defendants were aware of a prospective relationship with any third party. In fact, Plaintiffs do not even allege facts plausibly showing that Defendants were aware of Plaintiffs at all. Accordingly, the claim for tortious interference with business relations fails as a matter of law.

### D. Leave to Amend

Federal Rule of Civil Procedure 15(a)(2) provides that courts "should freely give leave [to amend] when justice so requires." Under this standard, there is a general "policy to permit amendment with 'extreme liberality.'" Chodos v. West Publ'g Co., 292 F.3d 992, 1003 (9th Cir. 2002) (quoting Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)).

Vierich is no longer a party to this action and the judgment from Vierich I, and other evidence from the pleadings in this case, suggest that the corporate Plaintiffs will not be able to successfully amend the complaint. However, the Court will not prohibit Plaintiffs from filing aa motion for leave to amend which contains a proposed amended complaint as required by Local Rule 15-1. If such a motion is not filed within 7 days from the date of this Order, then this action will be dismissed with prejudice.

E. Attorney's Fees

Defendants have requested attorneys' fees and costs. The Court denies this request. However, given the history of litigation between these parties, the Court warns Plaintiffs' counsel that Rule 11 prohibits filing any pleading for an improper purpose, based on a frivolous argument, or without evidentiary support. The Court will not hesitate to impose sanctions on Plaintiffs' counsel and Plaintiffs if they file a baseless motion for leave to amend, or undertake any other practice that violates Federal Rules and the Nevada Rules of Professional Conduct. The Court will not entertain motions for reconsideration of this Order.

III. Conclusion

**IT IS HEREBY ORDERED THAT** Defendants' Motion to Dismiss (#33) is **GRANTED** and this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that this action will be dismissed **WITH PREJUDICE** unless Plaintiffs file within 7 days following entry of this order, a motion for leave to amend which complies in every respect with the Federal Rules of Civil Procedure and Local Rules.

DATED this 1st day of November 2012.

_____
Kent J. Dawson
United States District Judge